**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **T.D. and W.D.**

**No. 25-327** (Wood County CC-54-2023-JA-174 and CC-54-2023-JA-175)

**MEMORANDUM DECISION**

Petitioner Father D.D.[1] appeals the Circuit Court of Wood County's April 21, 2025, order terminating his parental rights to the children, arguing that the circuit court erred by failing to consider less restrictive alternatives and denying post-termination visitation.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July 2023, the DHS filed a petition alleging that the petitioner abused and neglected T.D. and W.D. by failing to properly supervise the children, thereby allowing them to engage in inappropriate sexual behaviors with each other. At an adjudicatory hearing held in August 2023, the petitioner stipulated that he failed to appropriately supervise the children and moved for a post-adjudicatory improvement period. Accordingly, the court adjudicated him of abusing and neglecting the children and granted his motion for a post-adjudicatory improvement period, the terms of which included that the petitioner participate in parenting and adult life skills education, a psychological and parental fitness evaluation and follow the resulting recommendations, therapy, and drug and alcohol screens. The results of the petitioner's parental fitness evaluation recommended that, in addition to the terms of his improvement period, the petitioner participate in individual psychotherapy, marital therapy with the mother, and based on the petitioner's disclosures about his "substantial history of alcohol abuse" and acknowledgment that he required help to attain sobriety, that the petitioner also complete a long-term inpatient rehabilitation program.

The circuit court held several review hearings in July and September 2024 at which time the petitioner was granted an extension of his post-adjudicatory improvement period as well as a

---

[1] The petitioner appears by counsel Thomas B. Karr. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General Lee A. Niezgoda. Counsel Katrina M. Christ appears as the children's guardian ad litem ("guardian"). Respondent S.L., who is the father of a child who was at issue below but is not at issue on appeal, appears by counsel Eric K. Powell.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

post-dispositional improvement period.[3] At the September hearing, the court noted that the petitioner was noncompliant with his improvement period, as he missed ten drug and alcohol screens and had not contacted the DHS in four months. The court admitted into evidence a DHS report which indicated that the petitioner tested positive on July 19, 2024, for ethyl glucuronide, which is an indicator of recent alcohol consumption, and that this was subsequently lab confirmed. In the resulting order, the court ordered the petitioner to submit to a drug and alcohol screen that day but allowed services to continue.[4]

On January 17, 2025, the circuit court began the dispositional hearing. The petitioner testified that he missed several drug and alcohol screens without notifying the DHS or attempting to reschedule. The court continued the hearing and, in March 2025, reconvened for the final dispositional hearing. The DHS represented that since the last hearing, the petitioner had become unemployed and had missed at least six more drug and alcohol screens. The guardian represented that T.D., then fifteen years old, desired to return home. In the resulting dispositional order, the court expressed concern that the petitioner's testimony "did not indicate much progress," and noted that the petitioner had not spoken to any DHS workers since the previous hearing in January or informed the DHS of his recent unemployment. Critically, the court found that the petitioner continually missed drug and alcohol screens, never began therapy, failed to "adequately address his alcoholism," and remained "unable to parent the child even though he was afforded nineteen (19) months of services." Due to his failure to "meaningfully participate in services provided during his improvement period," the court found that he did not successfully complete the same and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Noting the children's need for continuity of care and caretakers and the significant amount of time required to be integrated into a stable home, the court further found that the children's welfare necessitated termination of the petitioner's parental rights. Accordingly, the court terminated the petitioner's parental rights and denied his request for post-termination visitation because there was "no showing that visitation would be in the best interest of the children." It is from the dispositional order that the petitioner appeals.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the circuit court erred by terminating his parental rights without considering less restrictive alternatives. However, we have long held that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect

---

[3] The petitioner failed to include the court's orders granting the extension and the post-dispositional improvement period in the appendix record on appeal.

[4] The petitioner went to the screening location but, according to an update in the DHS's case plan, was unable to produce a sample at that time.

[5] The mother's custodial rights were also terminated, and the permanency plan for the minor children is legal guardianship in their current placements.

or abuse can be substantially corrected" and when necessary for the welfare of the child. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)); *see also* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare). There is no such likelihood when the parent is "addicted to alcohol . . . to the extent that proper parenting skills have been seriously impaired and [the parent] ha[s] not responded to or followed through the recommended and appropriate treatment" as well as when the parent has "not responded to or followed through with a reasonable family case plan." W. Va. Code § 49-4-604(d)(1) & (3). Here, the petitioner admitted to a severe alcohol abuse problem yet repeatedly missed alcohol screens and never began therapy or inpatient treatment as recommended by his parental fitness evaluation and thus, required by the terms of his improvement period. The court found that after nineteen months of services, the petitioner did not make any progress and did not successfully complete either of his improvement periods. Courts are permitted to terminate parental rights on this basis and, here, the circuit court did not err by doing so. *See In re K. L.*, 247 W. Va. 657, 666–67, 885 S.E.2d 595, 604–05 (2022) (stating a parent's failure to participate in an improvement period is "a statutorily-recognized basis upon which this Court regularly affirms termination of parental rights").

The petitioner also argues that the circuit court erred by denying his request for post-termination visitation with the children. We have instructed that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002).[6] The petitioner asserts that T.D.'s wishes were not taken into consideration on the issue of post-termination visitation. However, the petitioner's argument is directly contradicted by the record as the court was informed of the child's wish to maintain visitation with the petitioner and did consider this preference before making its final decision. Ultimately, the court found that based upon the evidence presented, maintaining a relationship with the petitioner via post-termination visitation was not in the children's best interests. Thus, the petitioner is entitled to no relief in this regard.

---

[6] We apply the standards in place at the time of the entry of the circuit court's order denying post-termination visitation, but note that after its entry this Court amended Rule 15(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings to more clearly articulate and adopt appropriate standards for consideration of post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 21, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: May 6, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III